McGREGOR W. SCOTT
United States Attorney
KATHERINE E. SCHUH
JUSTIN J. GILIO
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>  v.<br><br>PEDRO DURAN,<br><br>        Defendant. | CASE NO. 1:20-MJ-00053-SAB<br><br>STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; AND ORDER<br><br>DATE: May 14, 2020<br>TIME: 2:00 p.m.<br>COURT: Hon. Barbara A. McAuliffe |

This case is set for a preliminary hearing on May 14, 2020. On April 17, 2020, this Court issued General Order 617, which suspends all jury trials in the Eastern District of California scheduled to commence before June 15, 2020, and allows district judges to continue all criminal matters to a date after June 1. This and previous General Orders were entered to address public health concerns related to COVID-19.

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1

or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, and 617 require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption made it impossible for the trial to proceed. *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency). The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). If continued, this Court should designate a new date for the preliminary hearing. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

### STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. By previous order, this matter was set for preliminary hearing on May 14, 2020.

2. By this stipulation, defendant now moves to continue the preliminary hearing until **July**

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

2

1  **9, 2020, at 2:00 p.m.** and to exclude time between May 14, 2020, and July 9, 2020, under Local Code
2  T4.
3      3.    The parties agree and stipulate, and request that the Court find the following:
4          a)    The government has represented that initial discovery associated with this case
5  consisting primarily of wire communication summaries, surveillance videos, photographs, and
6  investigative reports has been either produced directly to counsel and/or made available for
7  inspection and copying.
8          b)    Counsel for defendant desires additional time to review the discovery, consult
9  with this client, conduct further investigation, and discuss a possible resolution with the
10 government.
11         c)    Counsel for defendant believes that failure to grant the above-requested
12 continuance would deny him the reasonable time necessary for effective preparation, taking into
13 account the exercise of due diligence.
14         d)    The government does not object to the continuance.
15         e)    In addition to the public health concerns cited by General Order 617 and
16 presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in
17 this case because counsel and other relevant individuals have been encouraged to telework and
18 minimize personal contact to the greatest extent possible.  It will be difficult to avoid personal
19 contact should the preliminary hearing proceed.
20         f)    Based on the above-stated findings, the ends of justice served by continuing the
21 case as requested outweigh the interest of the public and the defendant in an indictment or trial
22 within the original dates prescribed by the Speedy Trial Act.
23         g)    For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161,
24 et seq., within which an indictment must be filed and within which a trial must commence, the
25 time period of May 14, 2020 to July 9, 2020, inclusive, is deemed excludable pursuant to 18
26 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by
27 the Court at defendant's request on the basis of the Court's finding that the ends of justice served
28 by taking such action outweigh the best interest of the public and the defendant in a speedy

indictment/trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which an indictment must be filed and a trial must commence.

IT IS SO STIPULATED.

Dated:  May 6, 2020                                    MCGREGOR W. SCOTT
                                                       United States Attorney

                                                       /s/ JUSTIN J. GILIO
                                                       JUSTIN J. GILIO
                                                       Assistant United States Attorney


Dated:  May 6, 2020                                    /s/ ANTHONY CAPOZZI
                                                       ANTHONY CAPOZZI
                                                       Counsel for Defendant
                                                       PEDRO DURAN

**ORDER**

IT IS SO ORDERED that the Preliminary Hearing is continued from May 14, 2020 to **July 9, 2020 at 2:00 PM before Magistrate Judge Barbara A. McAuliffe**. Time is excluded pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv).

IT IS SO ORDERED.

Dated:   **May 6, 2020**                               /s/ Barbara A. McAuliffe
                                                       UNITED STATES MAGISTRATE JUDGE