1    PHILLIP A. TALBERT
     United States Attorney
2    JUSTIN J. GILIO
     Assistant United States Attorney
3    2500 Tulare Street, Suite 4401
     Fresno, CA 93721
4    Telephone: (559) 497-4000
     Facsimile: (559) 497-4099
5

6    Attorneys for Plaintiff
     United States of America
7

8                        IN THE UNITED STATES DISTRICT COURT
9
                          EASTERN DISTRICT OF CALIFORNIA
10

11   UNITED STATES OF AMERICA,            CASE NO.  1:20-CR-00096-JLT-SKO

12                    Plaintiff,          STIPULATION REGARDING EXCLUDABLE
                                          TIME PERIODS UNDER SPEEDY TRIAL ACT;
13            v.                          ORDER

14   PEDRO DURAN,                         DATE: August 31, 2022
                                          TIME: 1:00 p.m.
15                    Defendant.          COURT: Hon. Sheila K. Oberto

16

17           This case is set for a status conference on August 31, 2022.  On May 13, 2020, this Court issued

18   General Order 618, which suspends all jury trials in the Eastern District of California "until further

19   notice."   Under General Order 618, a judge "may exercise his or her authority to continue matters,

20   excluding time under the Speedy Trial Act with reference to the court's prior General Order 611 issued

21   on March 17, 2020 . . . with additional findings to support the exclusion in the Judge's discretion."

22   General Order 618, ¶ 6 (E.D. Cal. May 13, 2020).  In addition, any judge "may order case-by-case

23   exceptions" to General Order 618's provisions "at the discretion of that Judge or upon the request of

24   counsel, after consultation with counsel and the Clerk of the Court to the extent such an order will

25   impact court staff and operations."  General Order 618, ¶ 7 (E.D. Cal. May 13, 2020).  This, previous

26   and subsequent General Orders were entered to address public health concerns related to COVID-19.

27           Although the General Orders address the district-wide health concern, the Supreme Court has

28   emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive

     STIPULATION REGARDING EXCLUDABLE TIME          1
     PERIODS UNDER SPEEDY TRIAL ACT

1    openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case.

2    *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no

3    exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at

4    509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a

5    judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally

6    or in writing").

7         Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory

8    and inexcusable—General Orders 611, 612, 617, and 618 require specific supplementation.  Ends-of-

9    justice continuances are excludable only if "the judge granted such continuance on the basis of his

10   findings that the ends of justice served by taking such action outweigh the best interest of the public and

11   the defendant in a speedy trial."  18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable

12   unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that

13   the ends of justice served by the granting of such continuance outweigh the best interests of the public

14   and the defendant in a speedy trial."  *Id.*

15        The General Orders exclude delay in the "ends of justice."  18 U.S.C. § 3161(h)(7) (Local Code

16   T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics,

17   natural disasters, or other emergencies, this Court has discretion to order a continuance in such

18   circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance

19   following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court

20   recognized that the eruption created "appreciable difficulty" for the trial to proceed.  *Id.* at 767-69; *see*

21   *also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time

22   following the September 11, 2001 terrorist attacks and the resultant public emergency).

23        The coronavirus poses a similar, albeit more enduring, "appreciable difficulty" to the prompt

24   proceedings mandated by the statutory rules.  Recently, the Ninth Circuit enumerated a "non-

25   exhaustive" list of seven factors it found to be "relevant" in considering ends-of-justice Speedy Trial Act

26   continuances "in the context of the COVID-19 pandemic."  *United States v. Olsen*, --- F.3d ---, 2021 WL

27   1589359 at *7 (9th Cir. Apr. 23, 2021).  That non-exhaustive list includes:  (1) whether a defendant is

28   detained pending trial; (2) how long a defendant has been detained; (3) whether a defendant has invoked

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

1 | speedy trial rights since the case's inception; (4) whether a defendant, if detained, belongs to a

2 | population that is particularly susceptible to complications if infected with the virus; (5) the seriousness

3 | of the charges a defendant faces, and in particular whether the defendant is accused of violent crimes;

4 | (6) whether there is a reason to suspect recidivism if the charges against the defendant are dismissed;

5 | and (7) whether the district court has the ability to safely conduct a trial. *Id*.

6 |     In light of the foregoing, this Court should consider the following case-specific facts in finding

7 | excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7)

8 | (Local Code T4).  If continued, this Court should designate a new date for the status conference. *United*

9 | *States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be

10 | "specifically limited in time").

11 |                                         **STIPULATION**

12 |     Plaintiff United States of America, by and through its counsel of record, and defendant, by and

13 | through defendant's counsel of record, hereby stipulate as follows:

14 |     1.     By previous order, this matter was set for status on August 31, 2022.

15 |     2.     By this stipulation, defendant now moves to continue the status conference until October

16 | 19, 2022, and to exclude time between August 31, 2022, and October 19, 2022, under Local Code T4.

17 |     3.     The parties agree and stipulate, and request that the Court find the following:

18 |         a)     The government has represented that discovery associated with this case includes

19 |     investigative reports, numerous photographs and videos, hundreds of hours of recorded

20 |     telephone conversations pursuant to wiretap order, cellular phone extractions, and large amounts

21 |     of cellular telephone precise location data. This discovery has been either produced directly to

22 |     counsel and/or made available for inspection and copying.

23 |         b)     Counsel for defendant desires additional time consult with their clients, conduct

24 |     further investigation, review the voluminous discovery, prepare for a possible trial, and to

25 |     continue to explore a potential resolution of the case.

26 |         c)     Counsel for defendant believes that failure to grant the above-requested

27 |     continuance would deny him/her the reasonable time necessary for effective preparation, taking

28 |     into account the exercise of due diligence.

d)      The government does not object to the continuance.

e)      In addition to the public health concerns cited by the General Orders and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case given the serious nature of the charges the defendants face and because they have not invoked their speedy trial rights.

f)      Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

g)      For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of August 31, 2022 to October 19, 2022, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(i) and (ii) [Local Code T4] because the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

4.      Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  August 16, 2022

PHILLIP A. TALBERT
United States Attorney

/s/ JUSTIN J. GILIO
JUSTIN J. GILIO
Assistant United States Attorney

Dated:  August 16, 2022

/s/ ANTHONY P. CAPOZZI
ANTHONY P. CAPOZZI
Counsel for Defendant
Pedro Duran

STIPULATION REGARDING EXCLUDABLE TIME
PERIODS UNDER SPEEDY TRIAL ACT

4

1

2                                          **ORDER**

3          The parties shall be prepared to select a mutually agreeable trial date at the next status

4    conference.

5          IT IS SO ORDERED.

6

7          DATED: 8/17/2022

                                            *Sheila K. Oberto*
8                                          _____
                                            THE HONORABLE SHEILA K. OBERTO
9                                          UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION REGARDING EXCLUDABLE TIME                    5
PERIODS UNDER SPEEDY TRIAL ACT